BRONSON, Respondent, v. WEBER IMPLEMENT COMPANY, Appellant.

St. Louis Court of Appeals, February 9, 1909.

CONTRACTS: Order and Acceptance: Meeting of Minds. Where an order for certain machinery provided that it should be subject to the approval of the company upon whom the order was made and contained a blank space for the acceptance by the company and the company upon whom the order was made declined to accept it, but offered to send other machinery in lieu of that ordered, no contract was entered into which would support an action for failure to fill the order.

Appeal from Lewis Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

REVERSED.

*Clay & Johnson* for appellant.

*Hilbert & Hilbert* for respondent.

GOODE, J.—On October 17, 1906, respondent gave appellant, through its agent, C. W. Gray, an order for a twelve-roll Milwaukee Husker and Shredder. The order was in a writing signed by respondent and was of the following tenor, omitting certain unimportant words with blanks between them intended to be filled with the designations of other machines, if others were ordered and with the postoffice addresses of buyers if more than one gave the order:

### "MACHINE ORDER.

"The original of this order to be forwarded to Weber Implement Co., St. Louis, Mo., and is taken subject to its approval.

                                    10-17-1906.

### *Original.*

"State whether original or duplicate.

"Weber Implement Company, St. Louis, Mo. Please furnish and ship the undersigned on account of Weber Implement Company, St. Louis, Mo., in the care of C. W. Gray, Agent at Moberly, Mo., by the route you think best and cheapest, on or about .............., if practicable, to Lewiston, Mo., at once, the following machinery: 12-roll Milwaukee Husker and Shredder complete, St. Louis or factory, if the factory freight does not exceed more than St. Louis. . . . . . .

"In consideration whereof, the undersigned agrees to receive the same on its arrival, pay in cash the freight

and charges thereon from St. Louis, and also agrees to load on cars immediately on receipt of goods purchased, and second-hand machinery which may be taken on trade, complete with all fixtures, tools, trimmings and parts, and failing to do this, agrees to pay Weber Implement Company, St. Louis, Mo., the full list price of said machinery or parts on or before November 1, 190—, and also agrees to pay at the time and place of delivery or at St. Louis, Mo., at the option of the said Weber Implement Company, the sum of two hundred . . . dollars, as follows, and one 28x48 Avery Separator, No. 1272, complete with feeder, weigher and windstacker and Rumley Double Saw Mill, with 52-9x9 Eng. 30x 9x10. One log wagon complete, one shingle machine with two saws, two small belts all complete, 1 countershaft 9″x50″ Roube. Note for $100, due January 1, 1907.

"Note for $100, due January 1, 1908, without interest if paid January 1, 1907. Said note to be made payable to the Weber Implement Company and draw interest at six per cent per annum, with approved security as below, and having on the back of each the property statements as shown on this order. As a condition hereof, it is fully understood and agreed that said machinery is purchased as second-hand, and accepted by said purchaser as such, with no warranty expressed or implied except as noted above. Purchaser should see that he has a copy of this order for his own use and reference. And I further agree at the time and place of delivery, to give in security of said notes a first mortgage on the above named machinery and on the other property. . . .

"This order is taken and recommended for acceptance by Chas. W. Gray. . . .

"Accepted by Weber Implement Company, St. Louis, Mo., ...................·....., 190..

By ...........................

Approved by the Aultman Company, Canton, Ohio.

By .........,................... 190.. ."

About two days after the date of the order, appellant wrote respondent acknowledging the receipt of it, and stating appellant had no more such machines in stock, it would be impossible to get one during the season, and offering to furnish respondent a Janney Shredder in lieu of the Milwaukee one. Respondent wrote appellant October 23d, stating he had placed an order for a Milwaukee Shredder, which was to be delivered at once, but had not been, and respondent was damaged by the delay; notifying appellant to fill the contract promptly or respondent would expect damages. Appellant answered this letter on October 24th, expressing surprise at the contents, saying the order was taken subject to its approval, reiterating the impossibility of furnishing a Milwaukee Shredder and asking respondent to accept a Janney Shredder. Respondent wrote again on December 11th, declining to reconsider his order and insisting he had been damaged by appellant's failure to send the machine. He afterwards instituted the present action for damages and obtained judgment pursuant to the verdict of a jury awarding him $175. The items of damage proved were loss of nineteen days' time in the use of a grain shredder, estimated to be worth three dollars a day, and $150 more paid for another machine than he would have paid for the one ordered. This verdict was obtained on the testimony of respondent to conversations between him and the agent Gray, which occurred prior to the signing of the written order by respondent and constituted the negotiation between the agent and him for the sale of the machine. The substance of this testimony was that the agent of appellant at Moberly, agreed to sell or trade and deliver to respondent the Milwaukee Grain Shredder for promissory notes amounting to $200 and the machinery mentioned in the order; that the agent induced respondent to sign the writing by representing it to be a mere formality, as he, the agent, had full power to represent appellant and make a binding contract. Numerous and

extended instructions were given to the jury purporting to cover the effect of the written instrument on the prior negotiation between Gray and respondent and on the defense of the statute of frauds which was interposed because the instrument was not signed by appellant, the party to be charged. We will go into none of these matters. Respondent has no semblance of a case on any legal theory. The order he signed said in its first sentence it was forwarded to the Weber Implement Company at St. Louis, Missouri, subject to the company's approval. Nearly the last sentence said it was taken and recommended for acceptance by Gray, and it contained blank spaces wherein appellant company was to write an acceptance if the order was approved. Appellant did not approve or accept it, because no machine of the kind could be obtained to furnish respondent. The theory is unsound that respondent had a contract by virtue of what Gray may have said prior to the signing of the order, but which he positively denied saying; for the order respondent signed carried notice on its face of the scope of Gray's authority and signified he was empowered to take orders subject to appellant's approval. It is contended because Gray was manager of a branch house at Moberly, he had power to bind appellant by a contract. This would not follow, of course; but it is enough that in the present instance he merely took from respondent an order for a machine; which order his company might, or might not, accept, and the contract would only become complete on acceptance by the company.

The judgment is reversed. All concur